101 F.3d 704
 9 NDLR P 65
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Josephine MURRAY, Plaintiff-Appellant,
v.
HOOVER PRECISION PRODUCTS, INC., Defendant-Appellee.
 No. 96-1239.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 13, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Josephine Murray brought suit against her former employer, Hoover Precision Products, Inc. (Hoover), under the Americans with Disabilities Act (ADA, or the Act) claiming termination of her employment in violation of the Act. The district court granted summary judgment in favor of Hoover. For the reasons set forth below, we affirm.
 
 
 2
 It is a threshold requirement that a party bringing suit under the ADA must be an individual with a disability as defined by the Act. Roth v. Lutheran General Hospital, 57 F.3d 1446, 1454 (7th Cir.1995); Hamm v. Runyon, 51 F.3d 721, 724 (7th Cir.1995). In other words, without first satisfying this prerequisite, the ADA is not implicated and the other provisions of the Act are inapplicable.
 
 
 3
 Murray's physical condition resulted from a mastectomy many years ago. The surgery left her with decreased muscle mass in the left shoulder and chest wall. While her condition is limiting, the district court properly determined that Murray's impairment does not rise to the level of disability as defined and protected by the ADA.
 
 
 4
 The test to define disability for purposes of the ADA is whether or not the impairment in question "substantially limits a major life activity." 42 U.S.C. § 12102(2); Roth, 57 F.3d at 1454. This analysis must be performed without considering any potential ways of alleviating the condition. Roth, 57 F.3d at 1454. Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i). Murray contends that her condition substantially limits her ability to perform manual tasks and to work.
 
 
 5
 Murray is limited in pushing with her left arm and in lifting heavy objects above her head with that arm, and the only specific physical restrictions clearly supported by the record are her difficulty in pushing a factory broom and in heavy lifting over her head with her left arm. The ADA requires that a qualifying disability be one in which the impairment and its effect on major life activities be significant. Roth, 57 F.3d at 1454. Murray's limitations do not rise to this level.
 
 
 6
 There is no bright line and each case must be decided based on its individual set of circumstances. Byrne v. Board of Education, 979 F.2d 560, 564 (7th Cir.1992). However, such a generous interpretation of what significantly limits a person's ability to perform manual tasks and to work would allow physical impairments of mere inconvenience to be protected by the ADA. The purpose of the Act is to prohibit invidious discrimination against individuals with significantly restricting disabilities, real or perceived. Vande Zande v. State of Wisconsin Dept. of Administration, 44 F.3d 538, 541 (7th Cir.1995). In this case, Murray has failed to demonstrate that she has a disability under the ADA or that Hoover regarded her as having one.
 
 
 7
 Murray concedes she has worked in manual labor positions for over twenty years, and has continued to do so since her departure from Hoover. She concedes that her condition has a minimal impact on any of her abilities besides pushing a broom and lifting heavy objects with her left hand. As the district court correctly noted, the "inability to perform a single job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). Nor has Murray demonstrated that her impairment causes her to be unable to perform any particular "class of jobs or broad range of jobs compared to the average person having comparable training, skills and abilities." Id.
 
 
 8
 Murray's other arguments implicate provisions of the ADA which are inapplicable in light of her failure to meet the threshold definition of disability under the statute, except for her contention that all of Hoover's conduct, from the time of eliminating Murray's position to terminating her from the payroll, was in retaliation for Murray's complaint to OSHA which resulted in heavy fines for Hoover. We will not consider this argument because it is being raised for the first time on appeal. Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir.1988) (any claim not presented to the district court is waived on appeal). The wrongful discharge in retaliation claim is dismissed without prejudice.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)